**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAUSE OF ACTION INSTITUTE,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF COMMERCE,

    Defendant.

Civ. A. No. 19-2698-DLF

## ANSWER

Defendant, United States Department of Commerce ("Defendant" or "DOC"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff Cause of Action Institute ("Plaintiff") as follows. The numbered paragraphs of Defendant's Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

    1.    Paragraph 1 contains Plaintiff's characterization of this lawsuit and its requests made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to which no response is required.

    2.    Paragraph 2 contains Plaintiff's characterization of this and other lawsuits, to which no response is required.

### Jurisdiction and Venue[1]

    3.    Paragraph 3 contains Plaintiff's assertions of jurisdiction, which constitute legal conclusions and to which no response is required. To the extent a response may be deemed required, Defendant admits this Court has jurisdiction over proper actions brought pursuant to the FOIA.

---

[1] For ease of reference only, the Answer refers the Complaint's headings, without admitting them. Were they deemed to require a response, Defendant would deny them.

4. Paragraph 4 consists of Plaintiff's assertions that constitute legal conclusions and to which no response is required. To the extent a response may be deemed required, Defendant admits venue is proper in this District for a proper FOIA action.

## Parties

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

6. Defendant admits that DOC is an agency of the United States government headquartered in Washington, DC. The remainder of the allegations in Paragraph 6 consist of legal conclusions, to which no response is required.

## Facts

### I. Section 232 and the Preparation of Secretarial Reports

7. Paragraph 7 consists of Plaintiff's characterization of the United States Constitution and Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232"), to which no response is required.

8. Paragraph 8 consists of Plaintiff's characterization of Section 232, to which no response is required.

9. Paragraph 9 consists of Plaintiff's characterization of Section 232, to which no response is required.

10. Paragraph 10 consists of Plaintiff's characterization of Section 232, to which no response is required.

### II. The Section 232 Process in the Current Administration

11. The allegations in Paragraph 11 are immaterial and impertinent to this lawsuit.

12. The allegations in Paragraph 12 are immaterial and impertinent to this lawsuit.

13. The allegations in Paragraph 13 are immaterial and impertinent to this lawsuit. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

14. See allegations Paragraph 14 are immaterial and impertinent to this lawsuit. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

15. The allegations in Paragraph 15 consist of Plaintiff's characterization of an unrelated lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff filed two FOIA requests for another report issued pursuant to Section 232, and those requests are the subject of an unrelated lawsuit by Plaintiff. Defendant denies the remainder of the allegations in this paragraph.

16. The allegations in Paragraph 16 consist of Plaintiff's characterization of an unrelated lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant admits that DOC sent to Plaintiff the correspondence identified in Paragraph, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents. Defendant denies the remainder of the allegations in this paragraph.

17. The allegations in Paragraph 17 consist of Plaintiff's characterization of an unrelated lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant admits that DOC sent to Plaintiff the correspondence identified in Paragraph 16, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents.

18. The allegations in Paragraph 18 consist of Plaintiff's characterization of an unrelated lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant admits that the lawsuit cited by Plaintiff is pending.

19. Defendant admits the allegations in Paragraph 19.

20. To the extent that Paragraph 20 consists of Plaintiff's characterization of this lawsuit, no response is required. Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

21. The allegations in this paragraph consist of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff has filed FOIA requests regarding the report at issue.

### III. FOIA Request DOC-IOS-2019-002011

22. Defendant admits that Plaintiff submitted a FOIA request via correspondence dated April 15, 2019, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents.

23. Defendant admits that Plaintiff sought a waiver of fees in its FOIA request dated April 15, 2019, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents.

24. Defendant admits that DOC sent an email to Plaintiff dated May 7, 2019, and respectfully refers the Court to that correspondence for complete and accurate statements of its content.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### IV. FOIA Request BIS 19-088

26. Defendant admits that Plaintiff submitted a FOIA request via correspondence dated April 15, 2019, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents.

27. Defendant admits that Plaintiff sought a waiver of fees in its FOIA request dated April 15, 2019, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents.

28. Defendant admits that it sent correspondence to Plaintiff dated May 7, 2019, and respectfully refers the Court to that correspondence for complete and accurate statements of its contents.

29. Defendant avers that Plaintiff communicated with DOC multiple times regarding the Section 232 report at issue and that, on July 12, 2019 the President issued a Presidential Memorandum entitled *Memorandum on the Effect of Uranium Imports on the National Security and Establishment of the United States Nuclear Fuel Working Group*.

30. Defendant admits that it sent Plaintiff an email dated July 15, 2019, and respectfully refers the Court to that email for complete and accurate statements of its contents.

31. To the extent Paragraph 31 consists of Plaintiff's characterization of this lawsuit, no response is required. Defendant admits that it sent Plaintiff an email dated July 15, 2019, and respectfully refers the Court to that email for complete and accurate statements of its contents.

32. Paragraph 32 consists of Plaintiff's characterization of this lawsuit, to which no response is required.

33. Paragraph 33 consists of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

34. Paragraph 34 consists of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

### V.    Commerce's Withholding of the Section 232 Report[2]

35. Paragraph 35 consists of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

---

[2] Defendant uses this heading in lieu of that appearing in Plaintiff's Complaint, "Commerce's Reliance on 'Temporary Privileges' and Presidential Directives to Withhold Section 232 Reports," which is a legal conclusion. Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

36. Paragraph 36 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

37. To the extent that Paragraph 37 consists of legal conclusions, no response is required. Defendant admits that it sent Plaintiff an email dated July 15, 2019, and respectfully refers the Court to that email for complete and accurate statements of its contents. Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

38. Paragraph 38 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

39. Paragraph 39 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

## COUNT I

40. Defendant repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 39.

41. The allegations in Paragraph 41 consist of Plaintiff's characterization of the FOIA, to which no response is required.

42. Defendant admits there were more than 20 business days between DOC's receipt of the subject FOIA request and the date the Complaint was filed.

43. Defendant admits that the DOC Secretary's Office has not invoked an extension.

44. Defendant admits that no documents were produced as of the date the Complaint was filed. The remaining allegations in Paragraph 44 consist of legal conclusions, to which no response is required.

45. The allegations in Paragraph 45 consist of legal conclusions, to which no response is required.

46. The allegations in Paragraph 46 consist of legal conclusions, to which no response is required.

47. The allegations of paragraph 47 consist of legal conclusions, to which no response is required.

## COUNT III

48.   Defendant repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 39.

49.   The allegations in Paragraph 49 consist of Plaintiff's characterization of this lawsuit and legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in this paragraph.

50.   The allegations in Paragraph 50 consist of legal conclusions, to which no response is required. To the extent a response may be deemed require, Defendant denies the allegations in this paragraph. Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

51.   The allegations in Paragraph 51 consist of legal conclusions, to which no response is required.

52.   The allegations in Paragraph 52 consist of legal conclusions, to which no response is required. To the extent a response may be deemed require, Defendant denies the allegations in this paragraph. Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

53.   The allegations in Paragraph 53 consist of legal conclusions, to which no response is required. To the extent a response may be deemed require, Defendant denies the allegations in this paragraph. Defendant avers that DOC has withheld the report at issue in accordance with Section 232.

54.   The allegations in Paragraph 54 consist of legal conclusions, to which no response is required.

**REQUESTED RELIEF**

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or qualified herein.

## **DEFENSES**

Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## **FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## **SECOND DEFENSE**

The information that Defendant may withhold in response to Plaintiff's FOIA requests is permitted under the exemptions to FOIA. *See* 5 U.S.C. § 552(b).

## **THIRD DEFENSE**

Plaintiff is not entitled to attorneys' fees or costs.

Wherefore, Defendant prays that this Court dismiss the Complaint with prejudice, at Plaintiff's cost, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: October 11, 2019 Respectfully submitted,

        JESSIE K. LIU, D.C. Bar # 472845
        United States Attorney for the District of Columbia

        DANIEL F. VAN HORN, D.C. Bar # 924092
        Chief, Civil Division

By: /s/ *John Moustakas*
    John Moustakas
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    (202) 252-2518
    john.moustakas@usdoj.gov