UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAUSE OF ACTION INSTITUTE,

        Plaintiff,

           v.                         Civ. A. No. 19-2698 (DLF)

UNITED STATES DEPARTMENT OF
COMMERCE,

        Defendant.

**DEFENDANT'S RESPONSE TO
<u>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

       Defendant, the U.S. Department of Commerce ("Commerce"), submits this filing to respond briefly to Plaintiff's Notice of Supplemental Authority, ECF No. 46.  Plaintiff's Notice calls the Court's attention to a July 14, 2020 decision from the U.S. Court of International Trade invalidating a Proclamation issued by the President in August 2018 that imposed tariffs on steel products from Turkey.  *See Transpacific Steel LLC v. United States*, No. 19-00009, slip op. 20-98 (July 14, 2020), ECF No. 46-1.  This case has no bearing on the instant action under the Freedom of Information Act ("FOIA").  Rather, *Transpacific Steel* concerned a statutory and constitutional challenge to a different Presidential Proclamation (No. 9772) pertaining to a different national security threat (importation of Turkish steel products) than the Presidential Proclamation (No. 9888, pertaining to importation of automobiles and certain automobile parts) issued following the President's receipt of the Section 232 Report sought by Plaintiff in this case. *Id*. at 2.  Nor does *Transpacific Steel* have any bearing on Defendant's obligations under the Freedom of Information Act ("FOIA"), and the court's opinion explicitly disavows interpreting the disclosure requirement for Section 232 Reports under 19 U.S.C. § 1862(b).  *See id*. at 5 n.5

("Plaintiffs do not raise this issue [the § 1862(b) disclosure obligation] and we do not rely on it."). In short, the case has nothing to say about whether Plaintiff is entitled to obtain the Section 232 Report pursuant to a FOIA request.

Plaintiff's arguments to the contrary are unavailing. To begin, Plaintiff asserts that, as the court held in *Transpacific Steel*, the President must act in compliance with the timelines set in Section 232. *See* Pl.'s Notice of Suppl. Auth. ("Pl.'s Notice"), ECF No. 46, at 2. But Defendant has not violated any of these timelines, and Plaintiff cannot argue otherwise. With regard to disclosure of the Section 232 Report, the statute simply states that "[a]ny portion of the report . . . which does not contain classified information or proprietary information shall be published in the Federal Register," 19 U.S.C. § 1862(b)(3)(B), but it does not specify a date by which such publication must occur. *See also* Mem. Op. for the Dep. Counsel to the Pres., Publication of a Report to the President on the Effect of Automobile and Automobile-Part Imports on the National Security ("OLC Opinion"), ECF No. 31-1, at 4 (observing that Section 232 does not "address the timing of publication when, as here, the President acts on the report's recommendations by directing negotiations with foreign countries"). Most relevant to this case, Section 232 contains no deadline by which Commerce must disclose the report in response to a FOIA request, especially where the agency has validly asserted two privileges over the Report. *See, e.g.*, Def.'s Suppl. Br. in Supp. of Its Mot. for Summ. J. and Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Suppl. Br."), ECF No. 44, at 3-4 (discussing application of the presidential communications and deliberative process privileges).

Contrary to Plaintiff's assertion, *see* Pl.'s Notice at 2-3, the ruling in *Transpacific Steel* that the President may not issue a second Proclamation absent issuance of an additional Section 232 Report is of no import here. The President here is neither exercising any power purportedly

time-constrained by the statute nor purporting to issue a new Proclamation based solely on the existing report.  Instead, Commerce has asserted privilege over the Report to protect advice solicited by the President to help determine the best way to address "an issue of national security"—namely, how to increase the capacity to produce uranium domestically.   The White House, Mem. on the Effect of Uranium Imports on the National Security & Establishment of the U.S. Nuclear Fuel Working Group, Sec. 2(a) (July 12, 2019).  To that end, the President directed creation of the Working Group  to "examine the current state of domestic nuclear fuel production to reinvigorate the entire nuclear fuel supply chain, consistent with United States national security and nonproliferation goals," and set forth its findings and recommendations "to further enable domestic nuclear fuel production if needed."  *Id.* at 2(c)(iii), (iv).  In this way, the President, in essence, retained the Secretary's Report for further study.  See *Presidential Authority to Adjust Ferroa/Joy Imports Under § 232(b) of the Trade Expansion Ac of 1962,* 6 Op. OLC 557, 562-63 (1982)(retaining report for further study does not trigger publication requirement).

Nothing in *Transpacific Steel* holds the President's use of the report for this purpose is improper notwithstanding Plaintiff's selective use of editing its text to suggest otherwise.  Indeed, Plaintiff ultimately concedes that "the President is free to use the report for other things[.]"  Pl.'s Notice at 2.  Ultimately, because the President's decision-making process regarding these matters has not concluded, the Secretary's advice—in the form of his Section 232 Report—remains privileged.

Next, Plaintiff relies on dicta in *Transpacific Steel* to argue that disclosure of the Section 232 Report is necessary because it "would be an important part of the administrative record" in a case challenging a factual determination by the Secretary of Commerce that continued

importation of an article presents a national security threat.  Pl.'s Notice at 3.  Whatever merit this interpretation of *Transpacific Steel* might have, it is not this case.  Plaintiff is a "government oversight organization" and, by its own admission, a frequent requester of public records, *see* Compl., ECF No. 1, ¶ 5, that has sought the Section 232 Report by filing a FOIA request.  Its ability to access the Report must therefore be determined by applying the relevant legal standards pursuant to that statute, not those that might apply in a hypothetical challenge to the Secretary's findings of fact and that may or may not involve compilation of an administrative record and the exclusion of any privileged material from that record.  The *dicta* cited by Plaintiff contemplates a cause of action materially distinct from the FOIA cause of action it filed.

For its final argument, Plaintiff cites a footnote from *Transpacific Steel* in which the court surmised that, if it were to allow the Secretary of Commerce to "skirt" his statutorily-imposed obligation to make factual findings and issue a report, it would "potentially pose delegation problems."  Pl.'s Notice at 3.[1]  According to Plaintiff, this observation bolsters a contention by *amici* in an unrelated case about the Report's importance to "ability to conduct oversight and legislate, as well an injured member of the public's ability to challenge tariff action or the findings of a secretarial investigation."[2]  Sharing none of the hypothetical injuries that might confer standing on a party this one lacks, Plaintiff filed neither a constitutional nor APA

---

[1]    Plaintiff's inference that, under *Transpacific Steel*, publication of the Section 232 Report in the Federal Register is "an important safeguard" without which there may be delegation concerns, *see* Pl.'s Notice at 3, is unsupported by the court's opinion.  Footnote 9 of the opinion (the passaged cited by Plaintiff for this assertion) makes no reference to § 1862(b)(3)(B)''s publication requirement, and the court made clear that it was not addressing that requirement earlier in the opinion.  *See Transpacific Steel*, slip op., at 5 n.5.  Moreover, because delegated tariff authority is not at all implicated in the President's use of the Secretary's Report in this case, the comparison is all the more specious.

[2]    See *Cause of Action Inst. v. Dep't of Commerce*, No. 19-0778 (CJN) (D.D.C. filed Mar. 6, 2020).

challenge, but rather a FOIA request, where the requester's need has long since been deemed irrelevant – without exception.   *See*, *e.g.*, *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987) (citing Supreme Court's insistence that "the needs of a particular plaintiff are not relevant to the exemption's applicability"); *accord FTC v. Grolier, Inc.*, 462 U.S. 19, 28 (1983) (recognizing categorical rule against accounting for the requester's interest in the records).  Here, too, *Transpacific Steel* has no relevancy to the issues to be resolved in this case.

For these reasons, *Transpacific Steel* should play no role in the Court's analysis in this case.

Dated:  August 5, 2020                              Respectfully submitted,

                                                   MICHAEL R. SHERWIN
                                                   Acting United States Attorney

                                                   DANIEL F. VAN HORN, D.C. Bar # 924092
                                                   Chief, Civil Division

                                                   /s/___*John  Moustakas*____
                                                   JOHN MOUSTAKAS, D.C. Bar # 442076
                                                   Assistant United States Attorney
                                                   555 Fourth Street, N.W.
                                                   Washington, D.C. 20530
                                                   (202) 252-2518
                                                   John.Moustakas@usdoj.gov
                                                   Attorneys for Defendants