IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 19-cv-2698 (DLF) |
| U.S. DEPARTMENT OF COMMERCE, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SIXTH MOTION
TO EXTEND THE COURT-ORDERED BRIEFING SCHEDULE**

Plaintiff Cause of Action Institute ("CoA Institute") hereby opposes Defendant Department of Commerce's sixth motion to extend the court-ordered briefing schedule. Defendant is due to file it consolidated opposition and cross-motion for summary judgment on Tuesday, January 18, 2022. In opposition to the motion, CoA Institute states the following:

1. Opposing counsel only contacted CoA Institute yesterday—the last working day before Defendant's filing deadline—to request a thirty-day extension.

2. CoA Institute promptly responded to indicate its opposition to any extension.

3. Defendant waited until the next day—early Saturday morning—before filing its motion. This tardiness forces the Court to adjudicate the motion on Defendant's filing deadline.

4. When Defendant consulted with CoA Institute under Local Civil Rule 7(m), it indicated it sought a thirty-day extension. Defendant now seeks different relief, namely, a forty-five-day extension.

5. Defendant has moved previously for an extension of its briefing deadlines on five separate occasions. *See* ECF Nos. 13, 15, 16, 20, 24. CoA Institute only opposed the last two of

these motions.  *See* ECF Nos. 22 & 25.  The Court, for its part, twice granted only partial relief.  *See* Minute Order (May 22, 2020); Minute Order (April 23, 2020).

6. CoA Institute has never moved for an extension in this case.

7. CoA Institute filed this case in September 2019.  *See* Compl., ECF No. 1.  The case has been marked by Defendant's continued efforts to delay proceedings, including a last-minute motion to continue oral argument in a likely attempt to moot the case.  *See* ECF Nos. 36 & 37.

8. The Court has indicated it "is *not inclined to grant any further extensions of time absent extraordinary circumstances*."  Minute Order (May 22, 2020) (emphasis added).

9. Despite the fact the government typically moves first for summary judgment in a Freedom of Information Act case, CoA Institute agreed to disrupt that accepted arrangement to facilitate the parties' expedient re-briefing of CoA Institute's remaining policy-or-practice claim.

10. CoA Institute moved for summary judgment eight weeks ago.  *See* ECF No. 43.  Notwithstanding the factual and legal developments that CoA Institute and the Court have both recognized, *see* Minute Order (Aug. 5, 2021), the substance of Defendant's argument is likely to be near-identical to what it offered in the first round of summary judgment briefing.  The original deadline that Defendant willingly accepted should have been sufficient.

11. In this respect, Defendant protests that "[p]rior familiarity with the briefs seems to be of limited utility."  ECF No. 44.  The sole basis for this claim is Defendant's estimation that "Plaintiff's summary judgment padded on 40% more volume."  *Id.*  That line of argument strongly suggests Defendant has not even read CoA Institute's motion.  Indeed, Defendant's concession that, if its representations to the Court "turn[] out to be incorrect," it "has no objection to filing early" confirms as much.  In fact, the bulk of the additional material that Defendant seems to have in mind is background and supporting exhibits attached to the Second Declaration of Ryan P.

2

Mulvey, which are needed to substantiate the developments set out in CoA Institute's renewed Statement of Undisputed Material Facts. *See* ECF No. 43-3. CoA Institute's principal brief and legal argument is actually twenty pages *shorter* than its opposition and cross-motion filed two years ago. *Cf.* ECF 43-1 *with* ECF No. 18-1. The fundamental dispute concerning the unlawfulness of Defendant's policy and practice has not changed.

12. As a rule, the "press of business" does not present "an adequate reason for an extension." Minute Order, *Elec. Privacy Info. Ctr. v. Dep't of Justice*, No. 12-00127 (D.D.C. entered Apr. 10, 2014). That principle should have particular force when, as here, the Court has previously denied in part Defendant's extension requests and advised that further extensions would require a demonstration of "extraordinary circumstances."

13. Defendant has failed to demonstrate any "extraordinary circumstances." The parties are equally impacted by the resurgence of the COVID-19 pandemic.

14. To award Defendant, the Department of Justice, and the White House yet another extension would prejudice CoA Institute and unduly delay this litigation. Defendant enjoys the full power and resources of the Executive Branch of the federal government. The White House and the Office of Legal Counsel have taken an active role in devising, directing, and approving Defendant's arguments. Defendant's continued inability to meet deadlines—which has become its apparent *modus operandi* in this matter—is inexcusable, at best, and may suggest an intentional effort to delay proceedings, at worst.

For the foregoing reasons, Plaintiff CoA Institute respectfully urges the Court to deny Defendant's motion and require Defendant to file its combined opposition and cross-motion for summary judgment as scheduled.

Dated: January 15, 2022

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
(D.C. Bar No. 1024362)
R. James Valvo, III
(D.C. Bar No. 1017390)

CAUSE OF ACTION INSTITUTE
1310 North Courthouse Road, Suite 700
Arlington, VA 22201
Telephone: (571) 482-4182
ryan.mulvey@causeofaction.org
james.valvo@causeofaction.org

*Counsel for Plaintiff CoA Institute*