UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. A. No. 19-2698 (DLF) |
| DEPARTMENT OF COMMERCE, | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF *ERRATA***

Defendant United States Department of Commerce ("the Department"), by and through counsel, respectfully submits this Notice of *Errata* and the attached Corrected Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment Combined Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment (and supporting materials) to correct inadvertent errors contained in the previously-filed version of the motion, ECF No. 48 – none of which amounts to a substantive change to the Department's legal argument or a material change its factual assertions. *See*, *e.g.*, *Partridge v. Am. Hosp. Mgmt. Co., LLC*, 289 F. Supp. 3d 1, 11 (D.D.C. 2017)(refusing to strike errata used for consequential changes in the absence of prejudice); *Odland v. FERC*, 34 F. Supp. 3d 3 (D.D.C. 2014)(same).

First, ministerial, non-substantive changes have been made to ***Opposition/Cross-Motion***. The form of the case number was changed to "Civ. A. No. 19-2698 (DLF)" for consistency's sake here and throughout. Other changes were made for consistency, including using the defined term "the Department," rather than "COM," and "2d Agyekum Decl.," instead of "Agyekum Decl." A typo was corrected such that "State" now correctly reads "Statement" in the second sentence.

Finally, the Declarations were reordered in the last sentence of the motion to reflect their sequential appearance in the filing.

Second, ministerial, non-substantive changes have been made to ***Defendant's Statement of Material Facts*** ("Def's SUMF").  The title was modified for consistency's sake throughout and to eliminate confusion.  In addition, to eliminate confusion that resulted from the failure of the eight (8) statements of fact to merge into the preexisting list of 13 prior statements of fact, the remaining 8 have been subsumed into the renumbered list.  Consequently, the second set of eight statements of material fact appearing at ECF No. 28 at 10 of 241 have been renumbered 14-21, with the effect of eliminating duplicate numbers and the predictable confusion.  The corrected Def's SUMF also adds three more statements that were intended for inclusion inadvertently omitted in light of the prevailing time pressures.[1]  All three statements accurately describe aspects of Judge Nichols' opinion in the Autos Report case, which is already part of the record in this case and is otherwise a proper subject of judicial notice.

Third, ministerial, non-substantive changes were made to the ***Combined Memorandum of Points and Authorities*** **("MPA")**.  These include additions sought by the Chief of the Civil Division in connection with a pre-filing review.  Although the corrections were made in an intervening draft, that draft MPA did not make its way into Combined PDF because of confusion occasioned by the number of moving parts and the attendant time pressures, which counsel did his best to attempt to mitigate.  These omitted additions include citation to the OLC Opinion (as ECF 17-1), a missing citation following what was originally the second sentence of the first full paragraph on ECF No. 48 at 19 of 241, a missing citation after the fourth sentence of that same

---

[1]   These were provided for inclusion by the Department on February 2, 2022, but in the hurly burly of completing the filing in less time than had been hoped for, the relevant email was overlooked.

paragraph, and omitted caselaw citations in support of n.3 (*Cause of Action* and *Hall*). Omitted record citations to the publication of the Uranium Report, on the BIS website and in the *Federal Register*, respectively, were also added for the sake of clarity. Finally, inconsistencies in the enumeration of brief headings were addressed in the corrected draft – a section 2 that was inconsistent with the deployed taxonomy was converted to section B, and so forth.

Finally, the initial **Declaration of Roberta Parsons** was replaced. Although Ms. Parsons' declaration had been prepared in advance, it was not signed because of the possibility that edits to the MPA or Statement of Undisputed Facts would require it be conformed to changes that might be made. Regrettably, Ms. Parsons subsequently became ill and was not available to sign her declaration when needed. Consequently, her supervisor signed in Ms. Parsons' stead. Without sufficient time for a final, unhurried and methodical review of all of the components of the combined Opposition/Cross-Motion, undersigned counsel never became unaware that Ms. Goode signed for Ms. Parsons and did not find out until Plaintiff called it to his attention. Because of Plaintiff's dissatisfaction with the Department's explanation for why it believed the supervisory signature sufficed, undersigned offered to obtain Ms. Parsons' signature on her declaration upon her return to work. The only changes to the declaration are (1) addition of the adjective "2d" to the title of Ms. Agyekum's own cross-referenced declaration; and (2) Ms. Parsons' own signature – corrections which, like the others, comfortably fall within the permissible scope and purpose of the Errata. *See*, *e.g.*, *PEER v. U.S. Section Int'l Boundary and Water Comm'n*, 839 F. Supp. 2d 304, 316 n. 2 (D.D.C. 2012)(declarations that did not comply with 28 U.S.C. § 1746's "under

penalty of perjury" requirement cured by Notice of *Errata* attaching resubmitted declarations adding necessary language).[2]

Correcting inadvertent errors and oversights is the very purpose for which Notices of *Errata* exist. Here, the corrections are minor and neither alter the Department's legal position nor disrupt Plaintiff's reasonable expectations about that position nor put Plaintiff to any cognizable disadvantage otehrwise. What the corrections made possible by the *Errata* do accomplish, however, is to permit the filing party to improve the quality of its submission and eliminate the kind of confusion that is inimical to efficient and optimal judicial decisionmaking. Although not frequently articulated, it is nonetheless deeply understood that there is a "symbiotic relationship between the court and the attorneys who are members of its bar." *See United States v. Accetturo*, 842 F.2d 1408, 1413 (3d Cir. 1988). Because courts are responsible for ensuring that the adversarial system functions properly, they are entitled to the parties' best efforts at producing clear and supported statements of their respective positions as fairness is 'best discovered by powerful statement on both sides of the question.'" *See In re Flynn*, 973 F.3d 74, 82 (D.C. Cir. 2020) (intermediate citations omitted) (citing Kaufman, *Does the Judge Have a Right to Qualified Counsel?*, 61 A.B.A. J 569 (1975)). "Where that is wanting, the Court's work is increased exponentially." *Davis v. Duran*, 277 F.R.D. 362, 367 n.5 (N.D. Ill. 2011)[3]. And, by contrast, where the parties do their part to produce cogent materials – even if not at first – the courts' burden is lightened. *See*, *e.g.*, *Am. Fed. Of Gov't Employees v. Hampton*, 1971 U.S. Dist. LEXIS 12322

---

[2] Finally, a legend was added to certain tearsheets to distinguish Exhibits from Exhibits to Exhibits.

[3] *See*, *e.g.*, *Efird v. Riley*, 342 F. Supp. 2d 413, 430 (M.D.N.C. 2004) ("the court's work in adjudicating this motion to dismiss was needlessly prolonged by the shoddy advocacy demonstrated by both attorneys in this case").

(D.D.C. July 22, 1971)(acknowledging impact of quality advocacy on judicial decision-making); *Jones v. Quintana*, 658 F. Supp. 2d 183, 196 n.5 (D.D.C. 2009)(acknowledging responsibility of parties to prepare incisive briefs that will "assist the Court in resolving the complicated issue" presented). It is in this spirit that the *Errata* is offered.

In conclusion, Defendant respectfully requests that the Corrected Combined Opposition and Cross-Motion (and all of its supporting materials) be lodged in substitution of ECF No. 48.

February 12, 2022                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: <u>    /s/  John Moustakas</u>
JOHN MOUSTAKAS, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
john.moustakas@usdoj.gov

*Attorneys for the United States of America*