UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>　　　　Defendant. | Civ. A. No. 19-2698 (DLF) |

**REPLY IN SUPPORT OF DEFENDANT'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

The U.S. Department of Commerce ("Commerce") respectfully submits this reply in support of its cross-motion for summary judgment. Here, Commerce appropriately withheld material as another judge in this District Court concluded. Indeed, there is but a single case assessing the status of Section 232 Reports—and particularly the Section 232 Auto Report in this case—under the Freedom of Information Act ("FOIA").[1] On January 14, 2021, Judge Nichols issued the Court's Memorandum Opinion and Order in the Auto Report case.[2] *See Cause of Action Inst. v. Dep't of Comm.* ("COAI (*Autos*)"), 513 F. Supp. 3d 116 (D.D.C. 2021). By Notice of Supplemental Authority filed on January 19, 2021 in this case, Commerce provided a copy of Judge Nichols' opinion. ECF No. 31. The Notice relayed that "Judge Nichols rejected Plaintiff's interpretation of Section 232 and determined that the Department properly withheld the Auto

---

[1] As did the parties' voluminous briefs, Judge Nichols's opinion also trains his analysis of Section 232 reports on the statute. But, as noted below, much of the unnecessary confusion stems from Plaintiff's conflation of the obligations of Section 232 with Commerce's obligations under FOIA.

[2] At the time of Judge Nichols' decision, the Section 232 Auto Report had yet to be released.

Report under Freedom of Information Act [("FOIA")] Exemption 5" and asserted that, because of the Court's determination that Commerce did not violate FOIA in withholding the Auto Report, the essential predicate to Plaintiff's unmeritorious "policy and practice" was thereby eliminated.

Ignoring the inconvenient truth that the Auto Report decision has ended its case, Plaintiff insists (Reply at 7) that "Judge Nichol[s's] opinion about the Autos Report . . ., and [Plaintiff's] decision to forego appeal, does not affect the ability of this Court to reach its own conclusions about Commerce's treatment of Section 232 secretarial reports." But Plaintiff is wrong. Plaintiff's policy and practice cannot stand because it cannot show any repeated violations of FOIA by Commerce.

I.  **Plaintiff's Claim Fails at the Threshold as Commerce Cannot Have a Policy or Practice of Violating FOIA When Its Withholdings Have Been Upheld by this Court.**

It is beyond dispute that Plaintiff's "policy or practice" claim depends on at least one qualifying predicate FOIA violation that, by its nature and character, establishes the existence of an offending practice. *See Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770, 794 (D.C. Cir. 2018) (Srinivasan, J., dissenting) ("A repeated lapse of the twenty-day period, then, cannot form the predicate of a viable policy-or-practice claim."); *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ("Plaintiff cannot state a 'policy or practice' claim based on a single incident."); *Scudder v. CIA*, 281 F. Supp. 3d 124, 128-29 (D.D.C. 2017); *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011); *Swan View Coal. v. Dep't of Agric.*, 39 F. Supp. 2d 42, 426 (D.D.C. 1999).

Cause of Action attempts to address this issue (Reply at 5-6), but nowhere does it explain how a judicial ruling finding against it on the only predicate violation it alleges would allow it to maintain a policy or practice claim under FOIA in this suit. Put another way, the lone occasion where a court has ruled on Commerce's withholding of Section 232 reports under the presidential

2

communication privilege has affirmed the propriety of their withholding under FOIA Exemption 5.[3]  As such, Commerce cannot be viewed as having a policy or practice that of violates FOIA. A judicial finding has held that its withholding is proper.[4]

Cause of Action's hypothetical situation where prior alleged FOIA violations would be unanswered by a court are beside the point.  *See* Reply at 6.  Here, the alleged prior FOIA violation was addressed by the Court, and the Court ruled there was no violation.  That another case may present un-litigated violations of FOIA as predicates has no bearing on this dispute when the lone prior occasion of an alleged unlawful withholding was fully adjudicated in court.

The remainder of Cause of Action's arguments on this front are unpersuasive for the reasons set forth in Commerce's earlier briefing.  For example, Cause of Action attempts to resuscitate its policy or practice claim as one challenging Commerce's consultation with the White House on documents protected by the presidential-communications privilege.  Reply at 2-3.  But the President owns that privilege, and consultation is required to ensure that the Executive wishes to invoke it to protect its prerogatives as judges in this District have concluded in other suits brought by Plaintiff.  *See Cause of Action v. Eggleston*, 224 F. Supp. 3d 63 (D.D.C. 2016) ("the Court finds that the FOIA requests [the White House Counsel] has allegedly reviewed plausibly

---

[3]    Cause of Action appears to believe (Reply at 4) that it can rely on Commerce's treatment of the Secretary's Section 232 Reports relating to other imports unnamed in its complaint and never made the subject of any FOIA request.  Commerce has argued that the treatment of these Reports are not relevant to Cause of Action's policy or practice claim.  Rather than address why that is not the case, Cause of Action merely calls the argument nonsensical and insists its invocation of these imports in its briefs brings all of Commerce's Section 232 Reports within the scope of its claim.  But this impermissibly conflates Commerce's actions under a statute it has no standing to evoke as a source of rights – 19 U.S.C. § 1862 – with Commerce's handling of records pursuant to FOIA.  In the absence of a FOIA request, an agency's practice with respect to handling records that might otherwise have been subject to FOIA is no more relevant than its translating all unrequested record to Mandarin.  Cause of Action offers no support otherwise.

[4]    Because the presidential communications privilege applied to the Section 232 Auto Report through FOIA Exemption 5, the Court concluded it did not need to determine that the Report also was protected by the deliberative process privilege.  *See COIA* (*Autos*), 513 F. Supp. 3d at 130.  The Department of Justice's Office of Legal Counsel opinion cited by the Court did conclude that "the deliberative process component of executive privilege also applies to the Secretary['s Section 232 Auto] Report. *See* Publication of a Report to the President on the Effect of Automobile and Automobile-Part Imports on the National Security (Slip Opinion), ECF No. 31 (*COAI* (*Autos*)).

3

implicate records that either come from the White House or could reasonably call for White House input to determine the applicability of FOIA exemptions. For example, a number of the requests explicitly implicate White House records or correspondence, which even Plaintiff concedes makes [White House Counsel] review reasonable. . . . the Court finds reasonable, that the [White House Counsel] seeks to be consulted on these requests because the records requested could reference White House meetings and therefore potentially contain communications protected by the executive privilege"). Ultimately, there is no pattern and practice of violating FOIA here. Commerce's treatment of Section 232 reports is in accord with the requirements of FOIA as Judge Nichols concluded in the only other suit on this topic.

**II.     The Prior Withholding of the Uranium Report Was Appropriate.**

Even were it continue to remain an issue in this case, the Court should reach the same conclusion that Judge Nichols reached when considering the Auto Report—Commerce's withholding of Section 232 reports under FOIA and the deliberative process and presidential-communications privilege is proper. Indeed, Cause of Action argues that Section 232 Reports transmitted to the President can never be exempt from disclosure under FOIA due to the deliberative process or presidential-communications privilege. But Judge Nichols rejected these very arguments, and this Court should join that view for the reasons expressed by Judge Nichols and in Commerce's prior briefs. *See Cause of Action*, 513 F. Supp. 3d at 125-30.

Moreover, it is Cause of Action's burden to establish an improper policy or practice with respect to FOIA. Whether the Auto Report is deliberative is a settled issue, as a Court of competent jurisdiction has already determined it was properly withheld under FOIA as exempt under the presidential communications privilege. Because Cause of Action has pointed to only two Section

4

232 reports requested under FOIA, that leaves only the Uranium Report as a potential candidate for a report improperly withheld, thus explaining Commerce's focus on that report.

Cause of Action again raises an inscrutable argument, suggesting that Commerce is relying on a "temporary" privilege insufficient to withhold materials under FOIA. Not so. Commerce has provided sworn testimony that in response to a FOIA request, Commerce performs an individualized evaluation of the request and produces the report unless it is exempt from disclosure. Given the requirement in the FOIA Improvement Act of 2016 that even privileged documents should be produced unless disclosure would cause a foreseeable harm, Commerce could very well find a report to be covered by one or more privileges and yet produce the document anyway. Commerce's testimony in that regard is clear: the document is produced unless doing so will threaten the actions being taken by the President in response to the identified threat to the national security. There is, of course, a temporal aspect to this: if the same request is made three months apart, it is possible the first request will be denied if the President's actions are ongoing, whereas the second request will be granted if the President's actions are complete. This in no way proves that Commerce has claimed that a privilege is temporary, it proves only that Commerce's policy or practice is to properly consider production of each document at the time a determination is made, considering the privileges which apply and the foreseeable harm in disclosure at that moment in time.

Dated: April 4, 2022
        Washington, DC

                                                Respectfully submitted,

                                                MATTHEW M. GRAVES, D.C. Bar #481052
                                                United States Attorney

                                                BRIAN P. HUDAK
                                                Acting Chief, Civil Division

By: /s/
JOHN MOUSTAKAS
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2518

*Attorneys for the United States of America*