UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civ. A. No. 19-2698 (DLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO PLAINTIFF'S NOTICE OF FACTUAL DEVELOPMENT**

There is a point where persistence ceases to be a virtue: with all due respect, that point is here. In its self-styled, unsolicited Notice of Factual Development– submitted after the factual record developed for summary judgment in this 2019 suit has, at last, been closed – Plaintiff tells the Court that a new Section 232 Report that postdates the complaint in this case was not released within seven days after being transmitted to the President (and six days after submitting a FOIA request for it).[1] Moreover, Plaintiff adds (at 2) a promise to track in real time each development in the "processing of the Neodymium Magnet Report FOIA requests." At best, Plaintiff's disclosure is a nullity; at worst, an attempt to expand and circumvent the rules, procedures, and orders governing the creation and closure of the record on summary judgment. Over the course of two cases, fifteen substantive briefs have been filed that address the application of the deliberative process and presidential communication components of

---

[1] Plaintiff's chosen form of Notice is not among the twenty-two (22) by PACER's Case Management/Electronic Court Filing System ("CM/ECF"). Indeed, in some three decades of federal district court civil docket coverage, such notices have appeared only twenty-three (23) times *nationwide* – none of which bears resemblance to the exceedingly rare form's use here. See https://w3.courtlink. lexisnexis.com/ help/CourtInfo /United%20States.html#District.

executive privilege to the Secretary of Commerce's Section 232 Reports.  Enough is enough.

Litigation eventually must come to an end, with each party held to their last word.  The Court is "not obliged to deal" with factual assertions in Plaintiff's Notice or the unverified exhibits attached to it.  *Taylor v. Small*, 350 F.3d 1286, 1295 (D.C. Cir. 2003) (motion for summary judgment "cannot be defeated by factual assertions in a brief" because court was "not obliged to deal" with "purported" events described only in memorandum) (internal quotation marks omitted); *Goldman v. Summerfield*, 214 F.2d 858, 859 (D.C. Cir. 1954) (error for district court to rely on "a collection of exhibits to [a] legal memorandum" where the "record contains no document . . . vouching for their authenticity and completeness"); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2723 (4th ed.) (Apr. 2022 update) (on summary judgment, "the court may not take cognizance of positions regarding the facts based on exhibits that are merely a part of the brief and have not been otherwise appropriately introduced into evidence"). A party may not amend a complaint in response to a summary judgment motion, much less after briefing has been completed.  *See Petrucelli v. Dep't of Justice*, No. 18-729, 2020 WL 1323136, at *5 (D.D.C. Mar. 20, 2020) (quoting *Jo v. District of Columbia*, 582 F. Supp. 2d 51, 64 (D.D.C. 2008)).  Nor can a party keep its "case alive indefinitely by shifting [its] legal theories at the last minute."  *Price v. Unite Here Local 25*, 883 F. Supp. 2d 146, 154 (D.D.C. 2012); *see also Equity Group, Ltd. v. Painewebber, Inc*., 839 F. Supp. 930, 932 (D.D.C. 1993).  Plaintiff's extra-Complaint references to the Section 232 Report regarding neodymium magnets, even assuming *arguendo* that they supported Plaintiff's position (which they emphatically do not), have no place in this case, as they cannot resurrect an otherwise moribund "policy-or-practice" claim.

Moreover, what Plaintiff offers up by way of its Notice is a nullity. To start, Commerce has not yet responded to Plaintiff's new FOIA requests and is within the statutory deadline for doing so. The mere fact that the Department received a request for the Section 232 Report regarding neodymium magnets means nothing for Plaintiff's policy-or-practice claim.

Should Commerce invoke Exemption 5 to protect the Section 232 Report regarding neodymium magnets in order to safeguard the presidential communication and deliberative process components of executive privilege, until the decisional processes the reports are designed to inform have concluded, its determination would be lawful.[2] That withholding would be consistent with the views of the Department of Justice's Office of Legal Counsel. *See* Publication of a Report to the President on the Effect of Automobile and Automobile-Part Imports on the National Security (Slip Op.), *Cause of Action Institute v. Dep't of Commerce,* Civ. A. No. 19-778-CJN, ECF No. 31 at 15 ("A 'disposition' of the investigation does not occur until the President has decided whether to adjust imports.").[3] And it would be consistent with Judge Nichols' decision in *Cause of Action*, 513 F. Supp. 3d 116, whose Section 232 Autos Report implicates the same considerations as the Secretary's more recent Section 232 Report regarding neodymium magnets.[4]

---

[2] "In the FOIA context, it is well settled in this District that an agency maintains the authority to apply the presidential communications privilege." *Cause of Action v. Dep't of Commerce*, 513 F. Supp. 3d 116, 124 (D.D.C 2021).

[3] *See* Slip Op. at 15 (Section 232 – and the administration of it – are "sufficient to protect the Executive Branch's confidentiality interests in the report unless or until the President has made his decision"); *id*. at 16-17 (identifying examples of historical practice of submitting or publishing reports only after the President has acted on the advice received pursuant to Section 232 Reports).

[4] Both reports resulted from investigations requested by a President, *i.e.*, Presidents Trump (automobiles) and Biden (neodymium magnets). *See* https://www.whitehouse.gov/briefing-room/statements-releases/2021/06/08/fact-sheet-biden-harris-administration-announces-supply-chain-disruptions-task-force-to-address-short-term-supply-chain-discontinuities (indicating that the President asked Commerce to "evaluate whether to initiate an investigation into neodymium

Leaving aside its glaring prematurity when filed, Plaintiff's claim of prescience with respect to the Section 232 Report regarding neodymium magnets greatly exaggerated. In light of the above-cited legal advice and decisional law, it is hardly a surprise that the Section 232 Report regarding neodymium magnets was not publicly released simultaneously with its transmission to President Biden. Because Commerce's conduct is lawful, declining to publish a privileged report before the President determines how to deploy the Secretary's confidential advice cannot amount to an "ongoing 'failure to abide by the terms of the FOIA,'" *i.e.,* the standard on which "policy-or-practice" liability is predicated. *See* ECF No. 48 at 12. Moreover, if it is withheld, a Section 232 Report that postdates the filing of the unamended complaint cannot be invoked to meet the numerical requirement for "policy-or-practice" liability. *Id.* at 14 ("Plaintiff fails to come up with the threshold numerical evidence needed to put forward even the most anemic 'policy or practice' claim.") (citing cases)).

For the foregoing reasons, Plaintiff's Notice of Factual Development should be ignored, if not stricken, and Plaintiff should be admonished to make no further filings in this matter concerning the irrelevant Section 232 Report regarding neodymium magnets.

*     *     *     *     *

---

magnets, which are critical inputs in motors and other devices, and are important to both defense and civilian industrial uses, under Section 232 of the Trade Expansion Act of 1962.").

On or about the end of the 90-day period allotted for his decision, President Trump concurred in Secretary Ross' finding of a national security threat with respect to the importation of automobiles and automotive parts and had not yet achieved the desired amelioration of that threat at the time of summary judgment briefing in Civ. A. No. 19-778-CJN. Having until late September to indicate his concurrence in Secretary Raimondo's similar findings with respect to neodymium magnets, *a fortiori*, the decisional process that the recently-transmitted Section 232 Report is designed to inform is only at its inception, and significant time remains for a decision and, potentially, any follow-on measures deemed necessary by President Biden.

Dated:  July 15, 2022                           Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

<u>/s/   John Moustakas</u>
JOHN MOUSTAKAS, D.C. Bar #442076
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2518

*Counsel for Defendant*

5